**5:24-CV-202-H**

SEP 3 2024 AM 8:32
FILED - USDC - NDTX - LU

## vCause No. 5:24-cv-69

## United States District Court

## Northern District of Texas

## Lubbock Division

## Complaint 42 U.S.C. § 1983

## Lonnie Kade Welsh Plaintiff

### I.    Complaint

1. Come Now the Plaintiff, Lonnie Kade Welsh, files this action involving violations of his United States Constitutional civil rights.

### II.    Introduction

2. This is an action brought pursuant to, inter alia 42 U.S.C. 1983, alleging violation inter alia of the First,  Fourth and Fourteenth Amendment to the Constitution of the United States of America and various State of Texas Tort claims.

3. At all relevant times Lonnie Kade Welsh is civilly committed at the Texas Civil Commitment Center (henceforth TCCC) under the Sexually Violent Predator Act Texas Health and Safety Code 84l(henceforth THS) at 2600 South Sunset Avenue, Littlefield, Texas 79339.

4. At all relevant times individual defendants cited herein acted under color of state law providing security as employees of Management and Training Corporation under contract with the Texas Civil Commitment Office who administer the Texas Health and Safety Code 841 under color of state law.

## III.    . <u>Parties</u>

5. Defendant Kendrick Fennel in his individual capacity Greenwalt acted under the color of state law as a case manager for the Texas Civil Commitment Office and is being sued in his individual capacity and official can be served at the Texas Civil Commitment Center 2600 South Sunset Ave., Littlefield, Tx 79339.

6. Defendant James Pearson in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

7. Defendant D. Saenz; in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

8. Defendant Chapo Rodriguez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

9. Defendant Jose Cardenas in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

10. Defendant Unknown first name Hodge in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

11. Defendant Adam Pierce in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

12. Defendant Zachary Salavar in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

13. Defendant James Cruz in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

14. Defendant Willie Barbosa in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

15. Defendant Stetson Fisher in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

16. Defendant Unknown first name Correa in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

17. Defendant Chapo Rodriguez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

18. Defendant Candy Weaver in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

19. Defendant S. Carrizales in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

20. Defendant T. Swanger in his individual capacity acting under color of state

law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

21. Defendant Unknown first name Guzman (night shift) in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

22. Defendant S. Murphree in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

23. Defendant Ricardo Nipper in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

24. Defendant Tylor Swanger in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

25. Defendant Unknown First Name Cruz (night shift)in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

26. Defendant Unknown First Name Cruz (day shift)in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

27. Defendant F. Lewis in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

28. Defendant Joseph Trevino in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

29. Defendant Michael Perez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

30. Defendant Unknown First Name Titus in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

31. Defendant Xavier Guzman in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

32. Defendant Juan Rodriguez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

33. Defendant Unknown First Name Williams in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

34. Defendant V. Guerrero in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

35. Defendant Lewis Rayos in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

36. Defendant Unknown first name Savala in his individual capacity acting under color of state law as an employee of the Management and Training

Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

37. Defendant Jimmy Renfro in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

38. Defendant A. Sierra in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

39. Defendant Unknown first name Villarreal in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

40. Defendant Unknown First name Loyden in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

41. Defendant Unknown First Name Titus in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

42. Defendant Unknown First Name McMullen in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

43. Defendant Frankie Ramirez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

44. Defendant unknown first name Sanchez (dayshift male) in his individual

capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

45. Defendant Jose Solis in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

46. Defendant unknown first Sala in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

47. Defendant Unknown first name Galvan in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

48. Defendant Unknown first name McCline in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

49. Defendant Unknown first name John Conde in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

50. Defendant Unknown first name Tijerina in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

51. Defendant Nurse Unknown First name Martinez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

52. Defendant Nurse Hernandez in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339

53. Defendant Unknown First Name Thorne in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

54. Defendant Unknown Unknown first name Aguirre in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

55. Defendant Unknown first name Campbell in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

56. Defendant Unknown first name Collins in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

57. Defendant A. Sanchez (female dayshift) in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

58. Defendant Unknown first name Follower in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

59. Defendant Ester Ortiz in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

60. Defendant Unknown first name Richardson in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

61. Defendant Maria  Weaver in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

62. Defendant Ashley Batista in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

63. Defendant Unknown first name Valenzuela in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

64. Defendant Emma Himojosa in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

65. Defendant J. Trinidad in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

66. Defendant Unknown first name Turner in his individual capacity acting under color of state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

67. Defendant Anthony Fraser  in his individual capacity acting under color of

state law as an employee of the Management and Training Corporation who can be served at 2600 South Sunset Ave. Littlefield, Tx 79339.

## IV.    <u>Jurisdiction</u>

68. This Court has jurisdiction under 28 U.S.C. § 1331, § 1343, and § 1367.

## V.    <u>Statement of Equitable Tolling</u>

69. Welsh did attempt to bring all claims that occurred in 2022 and 2023 described herein were brought in case number 5:24-cv-69 Welsh v. Management and Training Corporation in the Northern District Lubbock Division.

70. The District Court found that these claims were improperly joindered together and demanded that Plaintiff Welsh separate the claims or risk dismissal of the suit.

## VI.    <u>Facts</u>

71. On or about. May 13, 2022 Kendrick Fennel a Texas Civil Commitment Office case manager (TCCO) did request MTC chief of security James Winckler to place Welsh in solitary confinement because Welsh told him "what," "what do you mean by that" and Fennel did not like Welsh's tone.

72. Winckler then ordered Cpt. James Pearson a MTC security supervisor to place Welsh in restraints and escort him to the solitary confinement section called SMU.

73. Everyday other residence who are civilly committed the same as Welsh have a tone of voice that TCCO and MTC staff finds offensive.

74. These other residences are not placed in solitary confinement and

encompasses about every person who is civilly committed.

75.  On May 31, 2022 during a verbal disagreement with MTC security Jose Cardenas who did interrupt Welsh treatment season with his therapist Rebecca Lang.

76. Winkler did order Pearson to use chemical agents against Welsh because he assumed Welsh was refusing to return to his cell.

77. The use of chemical agents which is considered a deadly weapon under State and federal law was used against Welsh without warning by Pearson. See U.S.S.G. § 2B3.1(b)(2)(E) and Texas Penal Code 46.01(14) and Sec. 46.05(a)(3)

78. Person never gave any verbal commands to surrender or any warning but did hide the chemical spray behind his back came within 10 feet of Welsh and sprayed him in the face and eyes with the chemical agent.

79. Then D. Saenz; Chapo Rodriguez, and Jose Cardenas took Welsh to the ground without warning, and shoved his head into the ground.

80. Welsh was injured in his back that tightened up on him later that day making him bed ridden for days after.

81. Welsh suffered chemical burns on his body, temporarily lost his eye sight, and could not breath for several seconds making him think he is going to die.

82.  Welsh initially refused medical because he felt only the chemical burns which he was instructed to decontaminate inside his cell.

83.  Welsh did not feel the back pain at first due to his adrenaline pumping through his body.

84.  When Welsh returned to the cell Winckler ordered staff to turn off the water before Welsh arrived back into the cell and the water remain off until the

next day.

85. Welsh was not capable to decontaminate when he returned to the cell due to the water being off.

86. Welsh was in severe pain throughout the night and he could not see because of the spray in his eyes that he could not wash the spray from his eyes.

87. Not being able to decontaminate caused Welsh vision to be blurry were he had to seek medical attention to have his eyes flushed.

88. When Welsh entered into the cell and noticed that the water was off he reported the situation to J. Cardenas who then immediately radioed James Pearson.

89. Pearson said that he had the water turned off by Rodriguez because he was ordered to do so by Winckler.

90. On May 17, 2022 TCCO Case Manager Kendrick Fennel did file a false disciplinary report claiming Welsh threatened him in order to place Welsh in solitary (SMU). However, the treat he claimed was Welsh loudly said "WHAT."

91. Under policy in order to threaten someone a resident must threaten to inflict bodily harm. However, Fennel did ask Wayne Schmoker and James Winckler to have James Pearson place Welsh in solitary (SMU) confinement.

92. Welsh was never served a case by staff for the alleged threat on TCCO Fennel and did not know he had a pending disciplinary until June 7, 2022 the day he was taken to the Behavioral Management Review(BMR), which was conducted by James Winckler and Chris Greenwalt.

93. It was Fennel's job to serve me with the case because it was a TCCO rule violation.

94. Therefore, as the TCCO case-manger who reported the infraction Fennel was suppose to write and serve the case according to TCCO policy.

95. Welsh was pre-punished with 20-days with 90 days added for a total of 110 days in solitary confinement  solitary confinement with only limited clothing property, restricted recreation which consists of a cage on a concrete slab, limited phone time, and no visitations.

96. This is impermissible punishment upon Welsh being an over exaggerated response to any security concerns as other well ran institutions that are not a treatment program but is a correctional base facility such as the county jail or Texas Department of Criminal Justice (TDCJ) would not punish in a harsh manner.

97. County Jails in the State of Texas are governed by the Texas Commission on Jail Standards which sets down the punishment range for jail disciplinary to be a max of only 30days despite multiple rule infractions. Texas Administration Code 283.1.

98. The institution designed to punish criminal offenders TDCJ sets punishment of disciplinary to be stacked to no more than 90 days at a time. See Exhibit A Texas Department of Criminal Justice Disciplinary Procedures pg. 18.

99. The punishment of criminal offenders in TDCJ allows only a maximum of 15 days in solitary. See Exhibit A Texas Department of Criminal Justice Disciplinary Procedures pg. 20.

100. From May 31, 2022 to October 1, 2022, December 10, 2022 to on or about December 23 2022, January 24, 2023 to on or about April 10, 202, April 25 to on or about May 24, 2023, July 1, 2023 to on or about  November of 2023 and April 30 2024 to on or about March 15,2024 and August 7, 2024 to on or about _____, Management and Training supervisors  Wayne Schmoker, James Winkler, Angelina Johnson, John Powel, and Bowers did order Welsh to be placed in the  restraint system to be cuffed behind the back every time he left the cell to use the phone, law library  or to recreation.

101. Welsh was never provided any procedural due process to be placed in restraints or was Welsh provide a clinical professional opinion to place Welsh in restraints or use chemical agents against Welsh.

102. MTC staff Captain James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown first name Campbell, Unknown first name Guzman (night shift) did order MTC security to place Welsh in restraints and did place welsh into restraints themselves.

103. MTC staff Captain James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown first name Guzman (night shift) did order MTC security to physically search Welsh repeatedly when he left the cell and when he re-entered his cell despite the fact that Welsh never had any contact with any one else and never left the sight of the officer conducting the repeated pat searches.

104. MTC staff Captain James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown First name Lopez, Unknown first name Guzman (night shift) did also order Welsh's room to be searched every time he left the cell that consisted of multiple searches each day that left Welsh's cell disorganized.

105. These MTC security officers did place Welsh in restraints, conducted the pat searches, and room searches are officers S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis. Rayos, Unknown first name Savala; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name

Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra;
Jimmy Renfro; Unknown First Name McMullen, Frankie Ramirez, Unknown
first name Hodge, Unknown first name Campbell Unknown First Name Cruz
(day shift), Jose Solis, unknown first name Sanchez, unknown first Sala;
Unknown first name Galvan Unknown first name McCline, Unknown first
name Collins, J. Trinidad, unknown first name Turner and Unknown first
name Tijerina.

106. These pat searches are aggressive and are not conducted in the normal
manner as a police officer, county jail, or the Texas Department of Criminal
Justice would conduct a pat search.

107. The MTC employees conducting the pat search would take both of their
hand and rub it across Welsh arms first one side and then the other, then press
against Welsh's chest and stomach area, followed by the back, around Welsh's
waste and down his legs and sometimes his crouch pressing extremely hard
the whole time.

108. Unknown first name Turner did on June 9, 2022 take his hands and fondle
Welsh's private area during one pat search.

109. Welsh called the Lamb County Sheriff.

110. The dates of the violations are discoverable but every day one of the above
named individuals did place Welsh in restraints and MTC did keep a detailed
log book of either placing Welsh in restraints or moving Welsh during this
time period.

111. The use of restraint was implemented continuously while Welsh was using
the phone, at recreation, and for visitation. Except when there were instances
of under inclusiveness as MTC staff did ignore the policy at times such as
MTC staff Cardenas, Conde, Murphree and Guzman would occasionally leave
the cuffs off and would always open the door to place Welsh in cuffs; Chapo
Rodriguez would attach the cuffs by slipping the over Welsh's thumbs and
thought Conde and Murphree, Renfro would occasionally leave the cuffs off

when these individuals worked.

112. Swanger and Guzman would apply the restraints were they became so tight they would cut-off Welsh's feelings in his hands and then connect the chain to the cuffs and pull on the cuffs extremely hard to cause Welsh pain.

113. Swanger and Guzman would refuse to loosen the restraints when welsh complained living him in pain by the restraints for over an hour while Welsh used the phone.

114. Welsh suffered numerous wounds upon his writs, open cuts, and bruising that left permanent scars upon his body during the span of wearing the cuffs. This caused Welsh pain and agony.

115. Welsh info1med James Pearson that the cuffs were defective that were being continuously used against Welsh.

116. These cuffs would stick when trying to take them off and the staff would then twist the cuffs and Welsh's hands at odd angles biting into Welsh's skin causing him to bleed every day or have open wounds and scrapes.

117. James Pearson after checking the cuffs and noticing that it took several attempts to open the cuffs only stated to Welsh that he did not care because cuffs are not meant to be comfortable.

118. In turned out that the hand cuff key that is used in the solitary confinement wing key chain is defective and makes it difficult to remove the

119. Several times after that Welsh informed every security officer of the same defect in the cuffs and how it was causing Welsh pain asking the officers to take care in the removal process because Welsh's hands are inside the cuffs and when they twist and pull the cuffs to unlock them it causes him pain.

120. The officers would ignore the request each time twisting and pulling the

cuffs to remove them causing Welsh pain.

121. The restraints did aggravated Welsh's neuropathy that would not have been aggravated without the daily use of restraints for long periods of time. This caused Welsh to lose the functioning in his hands for several hours every day. Which also caused him the loss of the enjoyment of life.

122. The restraints often left sores on Welsh's wrists deep cuts that bleed due to the applying of the cuffs so tight and the malfunction in removing the cuffs.

123. The use of restraints left deep psychological scars upon Welsh that making him depressed with thoughts of suicide sleepless nights due to the fear and anxiety cause severe headaches and stomach cramps.

124. Welsh was chained every time he left the cell for recreation and when he used the phone, with the restraints never being removed.

125. Welsh had a liberty interest at the time of the restraints that required the use of restraints only if Welsh was necessary to stop or prevent an imminent injury to himself or others under Texas Health and safety Code 841.0838.

126. On or about April 25, 2023 Winckler ordered Welsh to be placed in to restraints stating that he was making threats against staff.

127. Welsh never made any threats.

128. A TCCO case-manager Peralta made the entire incident up and told two different stories to Winckler to have Welsh placed into restraints and a different story later that was recorded on video to Welsh and that should be saved as Welsh requested to Winckler and Schmoker that the video be saved.

129. Welsh refused because he did nothing wrong and Welsh has a legal right to freedom from restraint under Texas law.

130. Salavar first employed chemical agents a weapon then ordered the five-man team consisting of Pierce, Nipper, Gurrerro, Jose Ramirez, and Maria Weaver.

Salavar sprayed Welsh with chemical agents two more times again later while Welsh was confined in a locked cell and then ordered Pierce, Nipper, Gurrerro, Jose Ramirez, and Maria Weaver.

131. No clinical professional judgment was used before the use of chemical restraints on both May 31, 2022 and on or about April 25, 2023.

132. The law at the time of the offensive conduct states under Texas Health and Safety Code Sec. 841.0838. Use of Restraints. (a) An employee of the office, or a person who contracts with the office or an employee of that person, may use mechanical or chemical restraints on a committed person residing in a civil commitment center or while transporting a committed person who resides at the center only if:

(1)    the employee or person completes a training program approved by the office on the use of restraints that:

(A)    includes instruction on the office's approved restraint techniques and devices and the office's verbal de-escalation policies, procedures, and practices; and

(B)    requires the employee or person to demonstrate competency in the use of the restraint techniques and devices; and

(2)    the restraint is:

(A)    used as a last resort;

(B)    necessary to stop or prevent:

(i)    imminent physical injury to the committed person or another;

(ii)    threatening behavior by the committed person while the person is using or exhibiting a weapon;

(iii)    a disturbance by a group of committed persons; or

(iv)    an absconsion from the center; and

(C)    the least restrictive restraint necessary, used for the minimum duration necessary, to prevent the injury, property damage, or escape.

(b)    The office shall develop procedures govelning the use of mechanical or chemical restraints on committed persons.

133. Staff did continuously slam the door day and night, keep the radio at a loud volume and refuse to stop from talking loudly all night and into the early mornings right in front of welsh's cell door done by L. Rayos, Unknown First Name Savala, Unknown First name Loyden, Unknown First Name Villarreal, T. Swanger, Unknown First name Sgt. Correa, Unknown First Name James Cruz, Adam Pierce, Joseph Trevino, Settles, Nurse Unknown First name Martinez, Nurse Unknown first name Hernandez, Anthony Fraser, S. Carrizales, Unknown First Name Thorne, Juan Rodriguez; Unknown first name Aguirre; Unknown first name Campbell, Unknown first name Unknown first name Valenzuela Unknown first name Collins, Maria Weaver, Juan Rodriguez, Ashley Batista, Unknown first name Savala, Unknown first name Aguirre Jimmy Renfro; A. Sanchez; Xavier Guzman; Willie Barbosa; Ester Ortiz, Unknown first name Richardson, S. Murphree, Unknown first name McMullen, Frankie Ramirez Unknown first name Follower; Riccardo Nipper, Unknown first name Sierra, Unknown first name Williams; and Emma Himojosa; from the dates of May 17, 2022 to January 24, 2023.

134. Welsh never received more than 15 minutes of sleep a night before it was interrupted by security.

135. These individuals are instructed to slam the door multiple times at night most nights a minimum of 8 times and a maximum of 15 times a night and into the early monling forcing Welsh awake with the loud and unnecessary slamming of the door by Welsh's cell. and by policy have their radio turned up at a loud volume in the SMU area which is a small enclosed space where the sound in amplified due to the design of SMU.

136. These individuals were instructed to stop with the load noise but deliberately ignored

137. These staff members would also talk all night and day in front of Welsh's house that prevented him from sleeping.

138. This left Welsh mentally disturbed to the point that he was both homicidal and suicidal.

139. The lack of sleep caused Welsh mental functions to decline were he could not form coherent and linear thoughts on a daily bases.

## VII.  Cause of Action

## <u>Count I</u>
## <u>Violation of The United States Fourteenth Amendment</u>
## <u>State Created Liberty Interest</u>

140. MTC staff Captain James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis. Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, J. Trinidad, Unknown  first name Collins  and Unknown first name Tijerina did violate Welsh's right created under Texas Health and Safety Code 841.0838 requiring Welsh to be an imminent physical injury or threating behavior with a weapon and the Management and Training Corp. contract that states Welsh is to be free from the use of force unless in instances of self-defense, defense of another or protection of property as defendants used mechanical restraints upon Welsh. Plaintiff incorporates by reference the facts and allegations set forth in each of the

preceding paragraphs as though fully set forth herein.

## Count II
## Violation of The United States Fourteenth Amendment
## Procedural Due Process

141. MTC staff Captain James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis. Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, J. Trinidad, Unknown  first name Collins  and Unknown first name Tijerina did violate Welsh's right defendants used mechanical restraints upon Welsh without providing any procedural due process. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

## Count III
## Violation of The United States Fourteenth Amendment
## Substantive Due Process

142. James Pearson, D. Saenz, Jose Cardenas, Chapo Rodriguez, Jose Frankie Ramirez, Adam Pierce, Zachary Salavar, V. Gurrerro, and Maria Weaver  , James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first

name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown First name Lopez, Unknown first Name Jefferson, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, Unknown first name Collins and Unknown first name Tijerina did fail to provide Welsh with his right to be free from restraint both mechanical and chemical unless given by a clinical professional. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

## Count IV
## Violation of The United States Fourth and Fourteenth Amendment
## Harassing Searches

143. James Pearson, Adam Pierce, Zachary Salavar, James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name

Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, J. Trinidad, Unknown first name Collins and Unknown first name Tijerina did conduct harassing physical searches and room searches. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

### Count V
### Violation of The United States Fourth and
### Fourteenth Amendment Use of Excessive Force

144. James Pearson, D. Saenz, Jose Cardenas, Chapo Rodriguez, did use excessive force by using chemical agents against Welsh without warning and attacking Welsh without giving any verbal orders to surrender and allowing Welsh the opportunity to surrender. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

### Count VI
### Violation of The United States Fourteenth Amendment
### State Created Liberty Interest

145. James Pearson, D. Saenz, Jose Cardenas, Chapo Rodriguez, Jose Frankie Ramirez, Adam Pierce, Zachary Salavar, V. Gurrerro, and Maria Weaver did violate Welsh's right created under Texas Health and Safety Code 841.0838 requiring Welsh to be an imminent physical injury or threating behavior with a weapon and the Management and Training Corp. contract that states Welsh is to be free from the use of force unless in instances of self-defense, defense of another or protection of property as defendants used chemical restraints upon Welsh. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding

paragraphs as though fully set forth herein.

## Count VII
## Violation of The United States Fourteenth Amendment Impairment of Sleep

146. L. Rayos, Unknown First Name Savala, Unknown First name Loyden, Unknown First Name Villarreal, T. Swanger, Unknown First name Sgt. Correa, Unknown First Name James Cruz, Adam Pierce, Joseph Trevino, Settles, Nurse Unknown First name Martinez, Nurse Unknown first name Hernandez, Anthony Fraser, S. Carrizales, Unknown First Name Thorne, Juan Rodriguez; Unknown first name Aguirre; Unknown first name Campbell, Unknown first name Unknown first name Valenzuela Unknown first name Collins, Maria Weaver, Juan Rodriguez, Ashley Batista, Unknown first name Savala, Unknown first name Aguirre Jimmy Renfro; A. Sanchez; Xavier Guzman; Willie Barbosa; Ester Ortiz, Unknown first name Richardson, S. Murphree, Unknown first name McMullen, Frankie Ramirez Unknown first name Follower; Riccardo Nipper, Unknown first name Sierra, Unknown first name Williams; and Emma Himojosa did by slamming the door next to Welsh's cell, by talking in front of Welsh's cell, and by keeping the noise upon the radio up to extremely load levels all day and night preventing Welsh's sleep. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

## Count VIII
## Violation of The United States Fourteenth Amendment
## Procedural Due Process

147. Kendrick Fennel did violate Welsh's procedural due process rights by having Welsh confined in solitary confinement and disciplined but never served Welsh a disciplinary case. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

**Count IX**
**Violation of The United States First and Fourteenth Amendment**
**Right to Be Free From Retaliation For the Use of Speech**

148. Kendrick Fennel did violate Welsh's right to freedom of speech by retaliating against Welsh for saying the words "what" and "what do you mean by that" Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

**Count X**
**Violation of The United States Fourteenth Amendment Equal Protection**

149. Kendrick Fennel did violate Welsh's right to equal protection by imposing solitary confinement against Welsh for saying "what" and "what do you mean by that while no other person similarly situated is restrained of his liberties for words or tone of voice. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

**Count XI**
**Violation of The United States Fourteenth Amendment**
**Freedom From Punishment**

150. Kendrick Fennel did violate Welsh's right to freedom from punishment by over exaggerating his response to security needs by having Welsh confined in solitary confinement for using the words "what" and "what do you mean by that" Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

## Count XII
## Violation of The United States Fourteenth Amendment
## Freedom From Sexual Assault

151. Unknown first name Turner did violate Welsh's Fourteenth Amendment rights by  sexually assault Welsh by touching his private area with his hands. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.


## Count XIII
## Violation of State Tort Law Assault

152. James Pearson, D. Saenz, Jose Cardenas, Chapo Rodriguez, Jose Frankie Ramirez, Adam Pierce, Zachary Salavar, V. Gurrerro, and Maria Weaver  , James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown First name Lopez, Unknown first Name Jefferson, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph  Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, Unknown  first name Collins  and Unknown first name Tijerina did commit the State Tort Assault against Welsh according to the Texas Penal Code 22.01(a)(1) and 22.01(a)(3).

## Count XIII
## Violation of State Tort Negligence

153. James Pearson, D. Saenz, Jose Cardenas, Chapo Rodriguez, Jose Frankie Ramirez, Adam Pierce, Zachary Salavar, V. Gurrerro, and Maria Weaver  , James Cruz, Willie Barbosa and Stetson Fisher who are shift supervisors, with their mid- level supervisors Sargent Unknown first name Correa, Chapo Rodriguez, Candy Weaver, S. Carrizales, T. Swanger, Unknown First name Lopez, Unknown first Name Jefferson, Unknown first name Campbell, Unknown first name Guzman (night shift), S. Murphree, Anthony Frasier, Ricardo Nipper, Tylor Swanger; Unknown First Name Cruz (night shift); Joseph  Trevino, Michael Perez; Unknown First Name Titus; Xavier Guzman; S. Carrizales; Juan Rodriguez; Unknown First Name Williams; V. Guerrero; Unknown first name Richardson; Unknown first name Guzman (nightshift), Lewis Rayos, Unknown first name Savala; Jimmy Renfro; A. Sierra; Unknown first name Villarreal; Unknown First name Loyden; D. Saenz; Unknown First Name Titus; Xavier Guzman; Unknown First name Cruz (day shift); A. Sierra; Unknown First Name McMullen, Frankie Ramirez, Unknown first name Hodge, Unknown First Name Cruz (day shift), Jose Solis, unknown first name Sanchez, unknown first Sala; Unknown first name Galvan Unknown first name McCline, Unknown  first name Collins  and Unknown first name Tijerina were negligent when applying the cuffs and had a duty not to apply the cuffs unless Welsh was an imminenet threat between March of 2022 to August of 2023 and between September of 2023 to present only if necessary to maintain the safety and security of themselves or the institution and to not twist and pull Welsh's hands while in the cuffs with the use of the defective key. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

## Count XIII
## Violation of State Tort Negligence

154.      L. Rayos, Unknown First Name Savala, Unknown First name Loyden,

Unknown First Name Villarreal, T. Swanger, Unknown First name Sgt.
Correa, Unknown First Name James Cruz, Adam Pierce, Joseph Trevino,
Settles, Nurse Unknown First name Martinez, Nurse Unknown first name
Hernandez, Anthony  Fraser, S. Carrizales, Unknown First  Name  Thorne,
Juan Rodriguez;  Unknown first name Aguirre; Unknown first name
Campbell, Unknown first name Unknown first name Valenzuela  Unknown
first name Collins, Maria   Weaver, Juan Rodriguez, Ashley Batista,
Unknown  first name Savala, Unknown first name Aguirre  Jimmy  Renfro;
A. Sanchez; Xavier Guzman; Willie Barbosa; Ester Ortiz, Unknown first
name Richardson, S. Murphree, Unknown first name McMullen, Frankie
Ramirez  Unknown first name Follower; Riccardo Nipper, Unknown first
name Sierra, Unknown first name Williams; and Emma Himojosa did by
slamming the door next to Welsh's cell, were negligent in keeping the noise
level down  by talking in front of Welsh's cell, and by keeping the noise
upon the radio up to extremely load levels all day and night preventing
Welsh's sleep. Plaintiff incorporates by reference the facts and
allegations set forth in each of the preceding paragraphs as
though fully set forth herein.

## Count XIII
## Violation of State Private Nuisance

155. L. Rayos, Unknown First Name Savala, Unknown First name Loyden,
Unknown First Name Villarreal, T. Swanger, Unknown First name Sgt.
Correa, Unknown First Name James Cruz, Adam Pierce, Joseph Trevino,
Settles, Nurse Unknown First name Martinez, Nurse Unknown first name
Hernandez, Anthony  Fraser, S. Carrizales, Unknown First  Name  Thorne,
Juan Rodriguez;  Unknown first name Aguirre; Unknown first name
Campbell, Unknown first name Unknown first name Valenzuela  Unknown
first name Collins, Maria   Weaver, Juan Rodriguez, Ashley Batista, Unknown
first name Savala, Unknown first name Aguirre  Jimmy  Renfro; A. Sanchez;
Xavier Guzman; Willie Barbosa; Ester Ortiz, Unknown first name Richardson,
S. Murphree, Unknown first name McMullen, Frankie Ramirez  Unknown
first name Follower; Riccardo Nipper, Unknown first name Sierra, Unknown
first name Williams; and Emma Himojosa did by slamming the door next to
Welsh's cell, were a nuisance  in keeping the noise level down  by talking in
front of Welsh's cell, and by keeping the noise upon the radio up to extremely
load levels all day and night preventing Welsh's sleep. Plaintiff
incorporates by reference the facts and allegations set forth in each

of the preceding paragraphs as though fully set forth herein.

## Count XIII
## Violation of State Tort law Intentional Infliction of Emotional Distress

156. L. Rayos, Unknown First Name Savala, Unknown First name Loyden, Unknown First Name Villarreal, T. Swanger, Unknown First name Sgt. Correa, Unknown First Name James Cruz, Adam Pierce, Joseph Trevino, Settles, Nurse Unknown First name Martinez, Nurse Unknown first name Hernandez, Anthony Fraser, S. Carrizales, Unknown First Name Thorne, Juan Rodriguez; Unknown first name Aguirre; Unknown first name Campbell, Unknown first name Unknown first name Valenzuela Unknown first name Collins, Maria Weaver, Juan Rodriguez, Ashley Batista, Unknown first name Savala, Unknown first name Aguirre Jimmy Renfro; A. Sanchez; Xavier Guzman; Willie Barbosa; Ester Ortiz, Unknown first name Richardson, S. Murphree, Unknown first name McMullen, Frankie Ramirez Unknown first name Follower; Riccardo Nipper, Unknown first name Sierra, Unknown first name Williams; and Emma Himojosa did by slamming the door next to Welsh's cell, did inflict emotional distress upon Welsh through their extreme conduct by talking in front of Welsh's cell, and by keeping the noise upon the radio up to extremely load levels all day and night preventing Welsh's sleep. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

# VIII. Relief

157. Lonnie Kade Welsh seeks from L. Rayos in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

158. Lonnie Kade Welsh seeks from Unknown First Name Savala, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish

and punitive damages.

159. Lonnie Kade Welsh seeks from Unknown Unknown First name Loyden in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

160. Lonnie Kade Welsh seeks from Unknown First Name Villarreal, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

161. Lonnie Kade Welsh seeks from T. Swanger in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

162. Lonnie Kade Welsh seeks from Unknown First name Correa in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

163. Lonnie Kade Welsh seeks from James Cruz in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

164. Lonnie Kade Welsh seeks from Adam Pierce in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

165. Lonnie Kade Welsh seeks from Joseph Trevino in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

166. Lonnie Kade Welsh seeks from Unknown First name Settles, in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

167. Lonnie Kade Welsh seeks from Nurse Unknown First name Martinez in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

168. Lonnie Kade Welsh seeks from Nurse Unknown First name Hernandez, in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

169. Lonnie Kade Welsh seeks from Anthony Fraser in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

170. Lonnie Kade Welsh seeks from S. Carrizales in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

171. Lonnie Kade Welsh seeks from Unknown First  Name  Thorne, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

172. Lonnie Kade Welsh seeks from Juan Rodriguez, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

173. Lonnie Kade Welsh seeks from Unknown first name Aguirre, in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

174. Lonnie Kade Welsh seeks from Unknown first name Campbell, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

175. Lonnie Kade Welsh seeks from Unknown first name Valenzuela in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

176. Lonnie Kade Welsh seeks from Unknown  first name Collins in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

177. Lonnie Kade Welsh seeks from Maria Weaver, in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

178. Lonnie Kade Welsh seeks from Ashley Batista in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

179. Lonnie Kade Welsh seeks from Jimmy  Renfro in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

180. Lonnie Kade Welsh seeks from A. Sanchez (female), in her individual

capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

181. Lonnie Kade Welsh seeks from Xavier Guzman (in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

182. Lonnie Kade Welsh seeks from Willie Barbosa in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

183. Lonnie Kade Welsh seeks from Ester Ortiz in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

184. Lonnie Kade Welsh seeks from Unknown first name Richardson in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

185. Lonnie Kade Welsh seeks from Unknown first name Follower in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

186. Lonnie Kade Welsh seeks from Riccardo Nipper in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

187. Lonnie Kade Welsh seeks from Unknown first name Sierra in his individual

capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

188. Lonnie Kade Welsh seeks from Unknown first name Williams in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

189. Lonnie Kade Welsh seeks from Emma Himojosa in her individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

190. Lonnie Kade Welsh seeks from James Pearson in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

191. Lonnie Kade Welsh seeks from D. Saenz in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

192. Lonnie Kade Welsh seeks from Jose Cardenas in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

193. Lonnie Kade Welsh seeks from Chapo Rodriguez in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

194. Lonnie Kade Welsh seeks from Jose Frankie Ramirez, in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

195. Lonnie Kade Welsh seeks from Zachary Salavar in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

196. Lonnie Kade Welsh seeks from V. Gurrerro in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

197. Lonnie Kade Welsh seeks from James Cruz in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

198. Lonnie Kade Welsh seeks from Stetson Fisher in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

199. Lonnie Kade Welsh seeks from Candy Weaver in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

200. Lonnie Kade Welsh seeks from T. Swanger in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

201. Lonnie Kade Welsh seeks from Unknown first name Guzman (night shift) in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages

and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

202. Lonnie Kade Welsh seeks from S. Murphree in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

203. Lonnie Kade Welsh seeks from Unknown First Name Cruz (night shift) in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

204. Lonnie Kade Welsh seeks from Joseph  Trevino  in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

205. Lonnie Kade Welsh seeks from Michael Perez in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

206. Lonnie Kade Welsh seeks from Unknown First Name Titus in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

207. Lonnie Kade Welsh seeks from Xavier Guzman in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

208. Lonnie Kade Welsh seeks from Juan Rodriguez  in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000

per count for exculpatory, mental anguish, past mental anguish and punitive damages.

209. Lonnie Kade Welsh seeks from Unknown First Name McMullen in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

210. Lonnie Kade Welsh seeks from Unknown first name Hodge in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

211. Lonnie Kade Welsh seeks from Jose Solis in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

212. Lonnie Kade Welsh seeks from unknown first name Sanchez (male day shift) in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

213. Lonnie Kade Welsh seeks from unknown first Sala in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

214. Lonnie Kade Welsh seeks from Unknown first name Galvan in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

215. Lonnie Kade Welsh seeks from Unknown first name McCline in his individual capacity for damages for every count listed above where Welsh

cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

216. Lonnie Kade Welsh seeks from Unknown  first name Collins  in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

217. Lonnie Kade Welsh seeks from Unknown first name Tijerina in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

218. Lonnie Kade Welsh seeks from Unknown first name J. Trinidad in his individual capacity for damages for every count listed above where Welsh cites to him in the amount of $2,000,000 per count for compensatory damages and $8,000,000 per count for exculpatory, mental anguish, past mental anguish and punitive damages.

219. In the alternative Lonnie Kade Welsh pleas for nominal and punitive damages against all named defendants per count where required by law when no other applicable damages would apply.

220. Lonnie Kade Welsh seeks from all named defendants pre and post judgment interest on any monetary award in this suit.


## IX. Jury Trial

221. Plaintiff demands is United States Constitutional Seventh Amendment right to trial by jury and under 28 U.S.C § 1861.

## X. Court Cost and Attorney Fees

222.   Welsh prays for all court cost for trial of the cause and attorney
   fees under 42 U.S.C. § 1988(b) and § 1988(c) to be assessed against
   the defendants.


## XI. Prayer

223.   Wherefore, premise considered plaintiff humble prays the court
   grant all relief asked for or otherwise entitled.



Respectfully Submitted,

/s **Lonnie Kade welsh**

**2600 S. Sunset Ave.**

**Littlefield, TX 79339**

## XII. VERIFICATION

224.  I have read the foregoing complaint and hereby verify that the matters alleged therein are true, I certify under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746.

Executed in Littlefield, Texas on the ⟨27⟩ day of ⟨Aug⟩ 2024

**Respectfully Submitted, and Signature of Declarant**

**Lonnie Kade welsh**

**2600 S. Sunset Ave.**

**Littlefield, TX 79339**

Lonnie Kade Welsh
TLCC # 6511607
2600 S. Sunset Ave.
Littlefield, TX 79339





RECEIVED

SEP - 3 2024

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

U.S. Dist. Court
1205 Texas Ave Rm 209
Lubbock, TX 79401

MAILED

AUG 2 8 2024